**SIGNED THIS: July 15, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| CONNIE S. GOLLADAY, | ) | |
| | ) | Case No. 07-72653 |
| Debtor. | ) | |
| | | |
| In Re | ) | |
| | ) | In Bankruptcy |
| YIRA BRON, | ) | |
| | ) | Case No. 08-70143 |
| Debtor. | ) | |

**O P I N I O N**

Before the Court are motions filed in two different cases requesting the Court to "set aside" the debtors' discharges for the purpose of allowing the debtors to enter into reaffirmation agreements with amenable secured creditors, and then "reinstate"

their respective discharges in each case. For the reasons stated below, the Court finds that the relief requested is not authorized by the Bankruptcy Code or Rules. Accordingly, both Motions will be denied.

## **Golladay Case History**

On December 26, 2007, Connie S. Golladay filed her voluntary Chapter 7 Petition. On her Schedule A - Real Property, Ms. Golladay listed her residence - a three bedroom, two bathroom house - with a value of $45,000. On her Schedule D - Creditors Holding Secured Claims, Ms. Golladay listed Decatur Earthmovers Credit Union ("DECU") as having a first mortgage lien on her residence in the amount of $35,150.90. On her Chapter 7 Individual Debtor's Statement of Intention, Ms. Golladay indicated that she intended to reaffirm her indebtedness with DECU.

Jeffrey D. Richardson was appointed Trustee of Ms. Golladay's bankruptcy estate. Ms. Golladay's §341(a) meeting of creditors was scheduled for February 5, 2008. The meeting was held as scheduled and, on the following day, Mr. Richardson filed his Report of No Assets and No Distribution.

On April 10, 2008, the order of discharge was entered. On April 16, 2008, Ms. Golladay filed a Motion to Set Aside Discharge wherein she asked the Court to set aside her discharge to allow her to file a reaffirmation agreement relating to her mortgage indebtedness to DECU. The Motion states that a reaffirmation

agreement previously sent to Ms. Golladay for signature had been lost or misplaced.  On April 17, 2008, this Court entered an Order giving the parties until May 19, 2008 to submit authority in support of granting the relief requested in the Motion.  On May 19, 2008, DECU filed a document entitled "Authorities In Support of Motion" wherein it listed four cases which it contends provide authority for the granting of the relief requested.  Ms. Golladay filed nothing in support of her Motion.

### **Bron Case History**

On January 23, 2008, Yira Bron filed her voluntary Chapter 7 Petition.  On her Schedule A - Real Property, Ms. Bron listed her residence - a four bedroom, two-story, wood frame home - with a value of $42,000.  On her Schedule D - Creditors Holding Secured Claims, Ms. Bron listed Beardstown Savings s.b. ("BSB") as having first and second mortgage liens on her residence in the aggregate amount of $42,000.  On her Chapter 7 Individual Debtor's Statement of Intention, Ms. Bron indicated that she intended to reaffirm her indebtedness with BSB.

Mariann Pogge was appointed Trustee of Ms. Bron's bankruptcy estate.  Ms. Bron's §341(a) meeting of creditors was scheduled for March 10, 2008.  The meeting was rescheduled for March 26, 2008, and was held at that time.  On March 31, 2008, Ms. Pogge filed her Notice of Trustee's Intent to Abandon with respect to Ms. Bron's residence.

On May 14, 2008, the order of discharge was entered. On May 30, 2008, Ms. Bron filed a Motion to Vacate and Immediately Reinstate Discharge for Reaffirmation wherein she asked the Court to set aside her discharge to allow her to file a reaffirmation agreement relating to her mortgage indebtedness to BSB. Her Motion states that the intended reaffirmation agreement had not been signed by all parties at the time Ms. Bron's order of discharge was entered. On June 2, 2008, the Court entered an Order giving the parties until June 17, 2008 to submit authority in support of granting the relief requested in the Motion. Nothing was filed.

## **Analysis**

A Chapter 7 discharge enables an "honest but unfortunate" debtor to obtain relief from his debts, thereby granting the debtor a "fresh start". Local Loan Co v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699 (1934). However, a debtor may voluntarily elect to retain, or reaffirm, a dischargeable debt by entering into a reaffirmation agreement with a specific creditor. *See* In re Strong, 232 B.R. 921, 923 (Bankr. E.D. Tenn. 1999). If the debt were discharged, the debtor would be relieved of personal liability on the debt, but the creditor would be free to take possession of any collateral securing the debt because a bankruptcy proceeding does not extinguish a creditor's security interest. *See* Dewsnup v. Timm, 502 U.S. 410, 417-19 (1992); In re Penrod, 50 F.3d 459, 461 (7th Cir. 1995); In re Turner, 156 F.3d 713, 715 (7th Cir. 1998).

A reaffirmation agreement is a contract between a debtor and a creditor. In re Engles, 384 B.R. 593, 596 (Bankr. N.D. Okla. 2008). Reaffirmation is the only means by which a dischargeable debt may survive a Chapter 7 discharge. Turner, 156 F.3d *at* 718; In re Graham, 297 B.R. 695, 698 (Bankr. E.D. Tenn. 2003). Section 524 of the Bankruptcy Code governs the reaffirmation process and enables a Chapter 7 debtor to reaffirm a pre-petition debt that is otherwise dischargeable by agreeing to pay all or part of that debt. 11 U.S.C. §524; *see* In re Duke, 79 F.3d 43, 44 (7th Cir. 1996). In order for a reaffirmation agreement to be valid and enforceable, it must strictly comply with all of the requirements set forth in §524(c). In re Cruz, 254 B.R. 801, 815 (Bankr. S.D. N.Y. 2000). "[T]he statutory reaffirmation scheme is to be strongly construed so as to protect the interest of debtors." In re Roth, 38 B.R. 531, 537 (Bankr. N.D. Ill. 1984), *aff'd* 43 B.R. 484 (N.D. Ill. 1984). The reaffirmation rules are intended to protect debtors from compromising their fresh start by making unwise agreements to pay dischargeable debts. Turner, 156 F.3d *at* 715. Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are exceptions to the "fresh start" objective of the bankruptcy process and, as such, they are strictly construed and the requirements imposed for their validity are enforced rigidly. Duke, 79 F.3d *at* 44. Accordingly, the Bankruptcy Code contains numerous safeguards

to ensure that reaffirmations are genuine and that they are not entered into as a result of overreaching creditors' practices. Id.

As stated above, certain parameters and prerequisites are prescribed for the reaffirmation process by the Bankruptcy Code. Germane to the cases before the Court is Section 524(c)(1) of the Bankruptcy Code, which provides in part as follows:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if --
>
>   (1) such agreement was made before the granting of the discharge. . . (.)

11 U.S.C. §524(c)(1).

Bankruptcy Rule 4004 provides that the court shall "forthwith grant a discharge" upon the expiration of the time fixed for filing a complaint objecting to discharge. See Fed.R.Bankr.P. 4004(c). Rule 4004 sets the time for filing such a complaint as "no later than 60 days after the first date set for the meeting of creditors under §341(a)." See Fed.R.Bankr.P. 4004(a). In Ms. Golladay's case, the first scheduled §341(a) meeting of creditors was February 5, 2008, and the discharge was entered on April 10, 2008. In Ms. Bron's case, the first scheduled §341(a) meeting of creditors was March 10, 2008, and the discharge was entered on May 14, 2008. Hence, the discharge orders in both cases were entered in a timely manner and in accordance with Rule 4004. The entry of these orders

could not have come as a surprise to anyone in either case.

As the statute and the multitude of cases addressing the topic make manifest, reaffirmation agreements are unenforceable unless they are entered into before the issuance of a discharge. 11 U.S.C. §524(c), (d); *see also* In re Herrera, 380 B.R. 446, 449-50 (Bankr. W.D. Tex. 2007); In re Whitmer, 142 B.R. 811, 814 (Bankr. S.D. Ohio 1992); In re Graham, 297 B.R. 695, 699 (Bankr. E.D. Tenn. 2003); In re Smurzynski, 72 B.R. 368, 370 (Bankr. N.D. Ill. 1987). Those entered into after entry of a discharge are unenforceable, and of no legal significance. In re Eccleston, 70 B.R. 210, 212 (Bankr. N.D. N.Y. 1986). "[The] timing requirement [of Section 524(c)(1)] is imposed as a matter of substantive statutory law and not by procedural rule. While the date for discharge may be delayed in appropriate cases . . ., the statutory requirement cannot be waived or extended after discharge occurs." In re Collins, 243 B.R. 217, 219 (Bankr. D. Conn. 2000), *quoting* 3 William L. Norton, Jr., *Norton Bankruptcy Law & Practice 2d* §48.8 (1999).

In the two cases before the Court, each debtor recognizes the impediment she faces in her effort to reaffirm her obligation - each concedes that a discharge order has been entered and that no reaffirmation agreement was made or filed prior to the entry of the

discharge.[1]  Hence, each debtor seeks to have her discharge "set aside" for purposes of having a reaffirmation agreement entered into and filed, and then each wishes to have the court "reinstate" her discharge.

The Bankruptcy Code does not provide for the "setting aside" of a discharge.  Revocation of a discharge is governed by §727(d) of the Bankruptcy Code.  According to the specific language of this subsection, only the trustee, a creditor, and the United States Trustee are authorized to seek such relief.  *See* 11 U.S.C. §727(d).  The circumstances required to justify the revocation of a discharge are quite limited, *i.e.* a discharge may only be revoked if it were obtained through fraud or because of some type of debtor misconduct.  *See* In re Brinkman, 123 B.R. 611, 612 (Bankr. N.D. Ill. 1991):

---

[1] In order to be valid and binding, a reaffirmation agreement must be filed with the bankruptcy court.  *See* 11 U.S.C. §524(c)(3).  However, §524(c) does not require that such an agreement be filed with the court prior to entry of the discharge in order to be valid.  "[W]here it can be shown that the reaffirmation agreement was 'made,' *i.e.* signed *before* the granting of the discharge, then the reaffirmation agreement may be 'filed' *after* the granting of the discharge."  In re Davis, 273 B.R. 152, 153 (Bankr. S.D. Ohio 2001) (emphasis in original)(citations omitted); *accord* In re Whisenant, 265 B.R. 164, 167 (Bankr. E.D. Ark. 2001).  Thus, it is not the filing of the agreement prior to the discharge date which is a necessary prerequisite for its validity; rather, it is the entering into the agreement, *i.e.* the full and complete execution of an agreement which satisfies the terms of the Bankruptcy Code and, particularly §524(c), by all parties thereto which controls.  *But see* In re Pettet, 271 B.R. 855, 856 (Bankr. S.D. Ind. 2002) (reaffirmation agreement must be both made *and* filed prior to the entry of the discharge).

> The language of §727(d) is unequivocal. Revocation of a discharge can only be by the timely request of a trustee or a creditor, and only based on the grounds set out therein. There is no provision for setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge. The lack of creditor objection cannot supply such authority. Consequently, under no circumstances is Code §727(d) to be used as a vehicle for the revocation of a discharge for the 'limited purpose' of effectuating a reaffirmation agreement.

Id. *at* 612-13 (citations and internal quotations omitted); *accord* Engles, 384 B.R. *at* 598.

Similarly, the Seventh Circuit has held that vacation of an order of discharge is not an appropriate exercise of a bankruptcy court's equitable power under 11 U.S.C. §105(a). Disch v. Rasmussen, 417 F.3d 769, 778 (7th Cir. 2005); *accord* In re Stewart, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006). Bankruptcy courts may not "use equitable principles to disregard unambiguous statutory language." In re C-L Cartage Co., Inc., 899 F.2d 1490, 1494 (6th Cir. 1990).

The statutorily-prescribed manner by which a debtor, whose discharge date is approaching, should proceed in order to ensure that the debtor is able to enter into a valid reaffirmation agreement is set forth in Bankruptcy Rule 4004(c)(2), which provides in pertinent part as follows:

> [O]n motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that, the court may defer entry of the order to a date certain.

Fed.R.Bankr.P. 4004(c)(2).

The purpose of this Rule is to allow debtors "additional time to negotiate reaffirmation agreements given that they are not enforceable if entered into post-discharge." In re Edwards, 236 B.R. 124, 127 (Bankr. D. N.H. 1999) (*citing* Fed.R.Bankr.P. 4004(c) Advisory Committee's Note).  Certainly, the debtor in each case before the Court could have filed a motion to defer the entry of the discharge in order to allow her time to enter into a reaffirmation agreement.  Such motions are routinely granted.  The failure to file such motions is inexplicable inasmuch as each debtor knew the date on or about which her discharge would be entered and clearly knew as those dates approached that the desired reaffirmation agreements had not been finalized.

This Court acknowledges that relief from an order of discharge of the type sought in these cases can be granted under limited and proper circumstances.  A court has the power to grant relief from its own judgments, and to open, correct, modify, or vacate judgments that it has entered.  Federal Rule of Civil Procedure 59(e) - made applicable to bankruptcy proceedings by Bankruptcy Rule 9023 - permits a party to move to alter or amend a judgment within 10 days after entry of that judgment.  Fed.R.Civ.P. 59(e); Fed.R.Bankr.P. 9023(e).  Federal Rule of Civil Procedure 60(b) - made applicable to bankruptcy proceedings by Bankruptcy Rule 9024 - authorizes a court to relieve a party from a final judgment or

order for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b); Fed.R.Bankr.P. 9024(b). Final bankruptcy orders can be set aside under Rule 9024. In re Met-L-Wood Corp., 861 F.2d 1012, 1018 (7th Cir. 1988). Rule 9024 provides authority for a court to revoke a discharge. In re Cisneros, 994 F.2d 1462, 1466 (9th Cir. 1993). However, a debtor seeking relief under this Rule must show "extraordinary" circumstances which prevented relief through usual channels. Ackermann v. U.S., 340 U.S. 193, 199-202, 71 S.Ct. 209, 212-13 (1950).

In the cases now before this Court, there is no evidence - nor even a suggestion - that the extraordinary circumstances required for relief to be granted pursuant to Bankruptcy Rules 9023 and 9024 are present. The parties simply permitted their discharge dates to pass without entering into reaffirmation agreements or forestalling the entry of the discharge by seeking extensions of time pursuant to Rule 4004(c)(2). "When the bankruptcy rules specifically provide such a simple and efficient tool, there should be no reason to resort to extraordinary remedies." In re Graham, 297 B.R. *at* 700, *citing* In re Brinkman, 123 B.R. *at* 613. "Debtors have §521(2)(B) (*sic*) and Fed.R.Bankr.P. 4004(c)(2) at their disposal, the use of which should preclude the need for vacating discharge orders to allow enforceable reaffirmation agreements in all but the most exceptional cases." Edwards, 236 B.R. *at* 128.

The facts before this Court in these two cases are unexceptional and demonstrate no basis whatsoever to warrant extraordinary relief.

The troubling practice of permitting the entry of discharge orders without moving for deferral under Rule 4004(c)(2) and then seeking to "set aside" or vacate those discharge orders to allow the filing of untimely reaffirmation agreements must end.  This Court will continue to give full consideration to any motion seeking relief from a discharge order - or any other order - pursuant to Bankruptcy Rules 9023 and 9024.  However, as set forth above, Rule 9023 and 9024 motions are far from routine, and extraordinary circumstances must generally be plead and proved in order for such relief to be granted.

Because this Court finds no authority to vacate the discharges of the two debtors before the Court, the other requested relief sought by them - reinstating those discharges after they tardily file their reaffirmation agreements - need not be fully addressed. It should be noted, however, that seeking "reinstatement" of an original discharge order rather than requesting the issuance of a new discharge order is a meaningless exercise.  Ms. Golladay's order of discharge was entered on April 10, 2008.  If her discharge were "vacated" at some later date to allow the filing of an untimely reaffirmation agreement and then "reinstated" after the reaffirmation was filed, the order of discharge would still be

dated April 10, 2008.  Similarly, Ms. Bron's order of discharge was entered on May 14, 2008.  No subsequent "vacation" and "reinstatement" of that discharge order would alter the fact that the discharge date in Ms. Bron's case was May 14, 2008.  Vacating and then reinstating the original discharge order is - and always has been - an ineffective procedure for transforming an untimely reaffirmation agreement into a binding agreement in compliance with the statutory requirement that reaffirmation agreements be entered into before discharge.

Parties seeking to create enforceable reaffirmation agreements must take the necessary steps to ensure that the agreements are made before the order of discharge is entered.  Under circumstances in which an agreement cannot - for whatever reason - be made in a timely manner, a debtor may seek a deferral of the entry of the discharge order pursuant to Rule 4004(c)(2).  As indicated above, this Court has in the past and will continue to routinely grant deferrals which are timely requested.  Once a discharge order has been entered, however, relief from the discharge order may only be granted pursuant to Rules 9023 and 9024 and under the strict standards those Rules prescribe.

For the reasons set forth above, Ms. Golladay's Motion to Set Aside Discharge will be denied and Ms. Bron's Motion to Vacate and Immediately Reinstate Discharge for Reaffirmation will be denied.

This Opinion is to serve as Findings of Fact and Conclusions

of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Orders.

###